**In the Matter of Douglas O. BEERBOWER, Respondent.**

No. 02S00–0704–DI–176.

Supreme Court of Indiana.

Aug. 31, 2007.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Facts:** Respondent is charged with two counts of professional misconduct. Count I asserts Respondent has three misdemeanor convictions for Operating a Vehicle While Intoxicated, which were entered on the following dates: December 26, 1988, January 27, 1995, and March 7, 2003. Count II asserts Respondent pled guilty to Operating a Vehicle While Intoxicated Causing Serious Bodily Injury, a Class C Felony, and on April 23, 2007, he was sentenced to four years in prison for this crime.

The Court entered an order of interim suspension, with Respondent's consent, on May 25, 2007, pursuant to Admission and Discipline Rule 23(11.1)(a).

On July 19, 2007, the Commission and Respondent tendered a Conditional Agreement in which Respondent admitted to the charged misconduct. The parties agree to these facts in mitigation: (1) Respondent has no prior discipline, (2) Respondent has been cooperative, and (3) Respondent acknowledge his guilt and accepts responsibility for his conduct.

**Violations:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing criminal acts that reflect adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** The parties agree the appropriate sanction is suspension without automatic reinstatement beginning May 25, 2007, for two years or as long as Respondent is incarcerated, whichever is longer. The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than two years or for the period Respondent is incarcerated, whichever is longer, beginning May 25, 2007.** Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided he pays the costs of this proceeding, fulfills his duties as a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). The costs of this proceeding are assessed against Respondent.

The Court directs the Clerk to forward a copy of this Order to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.